**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF MISSOURI**
**EASTERN DIVISION**

| | | |
|---|---|---|
| **RANDY T. GUENTHER,** | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| **vs.** | ) | |
| | ) | **Case No.** |
| **BERMAN & RABIN, PA,** | ) | |
| | ) | |
| **Defendant.** | ) | **JURY TRIAL DEMANDED** |

**COMPLAINT**

### INTRODUCTION

1.      This is an action for actual damages, statutory damages, attorney fees and costs brought by an individual consumer, RANDY T. GUENTHER, (hereinafter "Plaintiff") against BERMAN & RABIN, PA (hereinafter "Defendant") for violations of the Fair Debt Collection Practices Act, (hereinafter "FDCPA")[1] which prohibits debt collectors from engaging in abusive, deceptive and unfair practices.

2.      Plaintiff makes these allegations on information and belief, with the exception of those allegations that pertain to Plaintiff, or to plaintiff's counsel, which Plaintiff alleges on personal knowledge.

3.      While many violations are described below with specificity, this Complaint alleges violations of the statutes cited in their entirety.

### JURISDICTION AND VENUE

4.      This action arises out of Defendant's violations of the FDCPA.

5.      Jurisdiction arises pursuant to 28 U.S.C. §1391, 1337, 15 U.S.C. §1692(k)(d).

---

[1] All undesignated section references to §1692 are to the FDCPA

6.      Venue is proper in this Court pursuant to 28 U.S.C. §1391.

## THE PARTIES

7.      Plaintiff is a natural person residing in St. Louis County, Missouri.

8.      Plaintiff is a "consumer" within the meaning of §1692a(3) being a natural person purportedly obligated to pay a "debt" as defined in §1692a(5) and allegedly owed to Discover Bank, (hereinafter "Debt").

9.      Plaintiff is informed and believes, and thereon alleges that Defendant, is a Kansas Professional Association engaged in the business of collecting debts in the State of Missouri, with its principal place of business located at 10660 Barkley, Overland Park, KS 662120-1868. Defendant may be served as follows: Berman & Rabin, P.A., c/o Michael Berman, Resident Agent, 10660 Barkley, Overland Park, KS 66212-1868.

10.     Defendant is a person that uses an instrumentality of interstate commerce or the mails in a business which the principal purpose is the collection of debts or who regularly attempts to collect debts, as that phrase is defined by §1692a(5), alleged to be due another.

11.      Defendant is a "debt collector" within the meaning of 15 U.S.C. § 1692a(6)..

12.     As Defendant does business in the state of Missouri, and committed the acts that form the basis for this suit in the state of Missouri, which includes using instrumentalities of interstate commerce by making phone calls and suing consumers residing in the Eastern District of Missouri, this Court has personal jurisdiction over Defendant for purposes of this action.

## FACTUAL ALLEGATIONS

13.     Prior to December 10, 2006, Plaintiff allegedly fell behind in the payment allegedly owed on the alleged debt. Plaintiff currently neither admits nor denies that the debt is valid.

2

14.     Prior to March 14, 2012, the alleged debt was assigned, placed or otherwise transferred to Defendant for collection.

15.     On June 4, 2012, Defendant filed suit against Plaintiff in the Associate Circuit Court of Missouri, St. Louis County in the cause captioned as <u>Discover Bank v. Randy T. Guenther</u>, Case No. 12SL-AC18765 (hereinafter "SCA") attached hereto, marked Exhibit "A" and incorporated by reference herein.

16.     These were communications within the meaning of §1692a(2) of the FDCPA.

17.     Pursuant to *Mo. Rev. Stat.* §516.120 (2000), the statute of limitations on the cause of action alleged in the SCA is five years

18.     Defendants' claims against Plaintiff accrued more than five years prior to the filing of Exhibit A.

19.     Plaintiff is informed and believes, and thereon alleges, that Defendant misrepresented the character, amount and legal status of the debt and that Defendant attempted to collect a debt that was barred by the applicable statute of limitations all in violation of §§1692e, 1692e(2)A and 1692f(1) of the FDCPA.

20.     Plaintiff is informed and believes, and thereon alleges that defendant used misrepresentations or means in connection with the collection of the debt, by means of the previously mentioned SCA in violation of §§ 1692e, 1692e(2)(A), 1692e(5) and 1692e(10) of the FDCPA.

21.     Plaintiff is informed and believes, and thereon alleges, that defendant by attempting to collect an amount which was not expressly authorized by agreement or permitted by law, by means of the previously mentioned SCA, in violation of §§ 1692f(1) of the FDCPA.

22.     Presuming without conceding Defendant raises the bona fide error defense under

3

§1692k(c) of the FDCPA, it does not apply to incorrect legal interpretations. See, *Jerman v. Carlisle, Mcnellie, Rini, Kramer & Ulrich LPA*, 130 S. Ct. 1605, 1624 (2010).

23.     Plaintiff incurred legal fees, expenses and costs for having to hire counsel and to defend against Defendant's untimely collection lawsuit.

24.     As a result of the above violations of the FDCPA, Plaintiff suffered and continues to suffer from personal humiliation, embarrassment, mental anguish, anxiety, and emotional distress injury and Defendant is liable for Plaintiff's actual and statutory damages, costs and attorney's fees.

## CLAIM FOR RELIEF
### (Violations of the FDCPA)

25.     The foregoing acts and omissions constitute numerous and multiple violations of the FDCPA, including but not limited to each and every one of the above cited provisions of §1692 et seq.

26.     As result of each and every violation of the FDCPA, Plaintiff is entitled to any actual damages pursuant to 15 U.S.C. § 1692k(a)(1); statutory damages in an amount up to $1,000.00 pursuant to 15 U.S.C. § 1692k(a)(2)(A); reasonable attorney's fees and costs pursuant to 15 U.S.C. § 1692k(a)(3) from defendant.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff prays that judgment be entered against Defendant, and for Plaintiff, and pray for the following relief:

(1)     Assume jurisdiction in this proceeding;

(2)     Declare that the Defendant violated the FDCPA;

(3)     Award of actual damages in accordance with proof at trial, pursuant to §1692k(a)(1) of the FDCPA;

      (4)         Award of statutory damages of $1,000.00 pursuant to § 1692k(a)(2)(A) of the FDCPA;

      (5)         Award of the costs of litigation and reasonable attorney's fees, pursuant to §1692k (a) (3) of the FDCPA;

(6) Such other and further relief this court may deem just and proper.

## TRIAL BY JURY

27.     Pursuant to the seventh amendment to the Constitution of the United States of America, Plaintiff is entitled to, and demands, a trial by jury.

*/s/ Patric A. Lester*
Patric A. Lester, # 32840MO
Lester & Associates
4579 Laclede, #232
St. Louis, MO 63108
(314) 231-5900
(314) 241-5777 Fax
Email: pl@lesterlaw.com

*/s/ Stacey L. Meinen*
Stacey L. Meinen, #56500MO
Law Office of Stacey L. Meinen
P.O. Box 142411
St. Louis, MO 63114
(314) 265-8417
(314) 395-8632 Fax
Email: stacey.meinen@gmail.com

Attorneys for Plaintiff,
Randy T. Guenther